```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

HEYDAR SADEGHI,                  )
                                 )
    Petitioner,                  )
                                 )  1:11-cr-70
         v.                      )  1:15-cv-1042
                                 )
UNITED STATES OF AMERICA,        )
                                 )
    Respondent.                  )
```

**M E M O R A N D U M   O P I N I O N**

In October 2014, the Court found Petitioner Heydar Sadeghi violated the conditions of his probation by committing five new law violations and sentenced him to twelve months imprisonment followed by two years of supervised release. This matter now comes before the Court on Sadeghi's Motion to Vacate pursuant to 28 U.S.C. § 2255 due to ineffective assistance of counsel at his probation hearing. [Dkt. 95.] For the following reasons, the Court will deny the motion.

**I.   Background**

On October 2, 2014, the Court conducted a hearing to determine whether Petitioner Heydar Sadeghi ("Sadeghi") violated the conditions of his probation. Sadeghi was alleged to have committed five new law violations while serving his five-year probation sentence for mail fraud, including (1) two counts of abduction by force or intimidation; (2) public record forgery;

1

(3) unlawful sale of a motor vehicle; and (4) altering or forging a certificate, title, or registration document. Testimony and exhibits produced at the hearing depicted the following sequence of events.

Sadeghi sold a van to Adela Martinez de Perez ("Martinez"), who saw the car advertised in a gas station parking lot. When Martinez attempted to register the van at the DMV, a law enforcement officer told her the registration documents indicated the van was either fraudulently sold or stolen. Soon thereafter, Sadeghi went to Martinez's house and attempted to buy the van back from her. When Martinez refused to sell the van, Sadeghi attempted to take the van's registration documents from her. Martinez refused to give up the documents, but agreed to make copies for Sadeghi.

Martinez did not have a copier, so she and her boyfriend got into Sadeghi's car so he could drive them all to Office Depot. While the group was away making copies, Martinez's son called the police to report Sadeghi's suspicious behavior. An officer arrived at Martinez's house to investigate and was parked outside when Sadeghi was returning from Office Depot with Martinez and her boyfriend. When Sadeghi saw the police car, he quickly "took off" with Martinez and her boyfriend still in the car. While close to Martinez's house, Sadeghi slowed his car and ordered the two others to get out.

Martinez refused to exit the car and instead insisted that Sadeghi take her back to her house. Rather than take Martinez home, Sadeghi drove away at a high rate of speed, nearly causing at least two accidents as he went. Sadeghi slowed the car several more times and ordered Martinez and her boyfriend to get out, but Martinez continued to insist that Sadeghi return her to the house. Martinez's son, who was on the phone with his mother during these events, overheard these interactions and his mother's increasingly frantic tone. During one call, Martinez handed her phone to Sadeghi so Fairfax County Police Officer Hutchison ("Officer Hutchison") could order Sadeghi to stop his flight and return to Martinez's house. Sadeghi simply replied "no" and continued to drive two miles to the gas station where Martinez had previously seen her van advertised.

Unbeknownst to Sadeghi, Martinez's son and Officer Hutchison were tracking Sadeghi's car through an application in Martinez's phone. When Officer Hutchison and the son arrived at the gas station, Officer Hutchison found Sadeghi in the bathroom. Sadeghi explained that he had drove to the gas station because he needed to use the restroom, but also said he needed medical attention because of testicular pain. Sadeghi was transported to a hospital and arrested after being discharged.

The Court heard several witnesses testify as to these events at the October 2, 2014 probation hearing. The Government presented three witnesses and several exhibits. First, a Special Agent with Virginia DMV Law Enforcement testified about the fraudulent nature of the vehicle documents, which he reviewed on the day Martinez attempted to register the van. Second, Officer Hutchison testified about his observations and interviews on the day of the arrest and about Sadeghi refusing an order to return the group to Martinez's house. Lastly, Martinez's son testified that his mother sounded frantic during their phone conversations and that he heard his mother tell Sadeghi several times to take her back to her house.

Assistant Federal Public Defender Kevin Brehm ("Brehm") represented Sadeghi at the hearing and called several witnesses on behalf of the defense, including Martinez, Sadeghi, and a man who sold the van to Sadeghi. Martinez's testimony was particularly relevant to the issue of whether Sadeghi committed abduction by force or intimidation when he drove away from Martinez's house and to the gas station. In short, Martinez testified that Sadeghi slowed his car three-to-five times and told Martinez and her boyfriend to get out, but Sadeghi never completely stopped the car. (Tr. [Dkt. 89] at 55, 56, 59, 62, 63, 64, 65.) Martinez also testified that she refused to get out of the car because she wanted to be returned to her home,

4

but that she never asked to be let out of the car. (Tr. at 59, 62, 63, 64, 65.)

After considering the evidence, testimony, and counsels' arguments, the Court ruled from the bench that Sadeghi violated his probation by committing the five new law violations alleged, including two counts of abduction by force or intimidation. The Court sentenced Petitioner to twelve months imprisonment, followed by a two year term of supervised release with special conditions. (*See* Judgment [Dkt. 79].) The Fourth Circuit affirmed the Court's ruling, finding sufficient evidence that Sadeghi abducted Martinez and her boyfriend through force or intimidation. *See United States v. Sadeghi*, 616 F. App'x 607, 610 (4th Cir. 2015).

On August 17, 2015, Sadeghi filed the present motion to vacate his sentence, claiming he received constitutionally ineffective assistance of counsel at his probation hearing. (*See* Petition [Dkt. 95].) The entirety of Sadeghi's statement of supporting facts reads as follows:

> Counsel failed to properly investigate this case in order to prepare a proper defense. Counsel did not interview witnesses or the victim to gain a statement to prove innocence. Counsel failed to show that the victim refused to get out of the vehicle and was not restrained.

5

(Petition at 5.) The Government filed a written opposition. (*See* Gov't Mem. in Opp'n [Dkt. 100].) As described below, this matter is ripe for disposition without an evidentiary hearing.

## II. Standard of Review

A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 allows a prisoner[1] to challenge the legality of his sentence as being "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).[2] The petitioner bears the burden of demonstrating his grounds for relief by a preponderance of the evidence. *See Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

A claim of ineffective assistance of counsel is a well-recognized basis for asserting a section 2255 motion. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). The *Strickland* standard for evaluating that claim is also familiar, requiring a petitioner to prove (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

---

[1] This motion is not rendered moot by Sadeghi's release from imprisonment because he remains on supervised release. *See United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999) ("A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion."); *Hatfield v. United States*, No. 5:10-cv-00128, 2013 WL 790008, at *1 (S.D.W. Va. Mar. 4, 2013).

[2] The additional bases for relief under 28 U.S.C. § 2255(a) are not relevant to this proceeding.

been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). In other words, counsel's performance must be *deficient* and that deficient performance must cause *prejudice* to the defense. *See id.* at 687.

### III. Analysis

Sadeghi alleges that Brehm was ineffective because he "failed to properly investigate this case in order to prepare a proper defense."[3] (Petition at 5.) More specifically, he alleges Brehm "did not interview witnesses or the victim to gain a statement to prove innocence" by showing that "the victim refused to get out of the vehicle and was not restrained." (*Id.*) As explained below, this conclusory statement cannot satisfy the deficiency or the prejudice element of an ineffective assistance claim.

An attorney's failure to investigate facts and interview witnesses can constitute deficient performance, but that conclusion does not necessarily follow from a bare-bones

---

[3] For the purposes of this motion, the Court will assume *arguendo* that Sadeghi was entitled to assistance of counsel at his probation hearing. *Cf. Gagnon v. Scarpelli*, 411 U.S. 778, 787-88 (1973) (establishing case-by-case assessment of whether due process requires counsel at probation hearing); *see also Wainwright v. Torna*, 455 U.S. 586, 588 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel . . . ."); *Britt v. Johnson*, No. 1:09cv1205 (JCC/JFA), 2010 WL 4789294, at *2-4 (E.D. Va. Nov. 16, 2010) (denying habeas relief after concluding petitioner had no right to counsel at probation hearing based on *Gagnon* factors).

7

allegation that an attorney "failed to properly investigate." *See Huffington v. Nuth*, 140 F.3d 572, 580 (4th Cir. 1998). To be deemed unreasonable, the investigation necessarily must have left some exculpatory fact or testimony undiscovered. *Cf. Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) ("The great failing of the appellant on his claim that other evidence should have been presented during the sentencing phase of his trial is the absence of a proffer of testimony from a witness or witnesses he claims his attorney should have called."). Relatedly, counsel is not required "to undertake interviews and meetings with potential witnesses where counsel is familiar with the substance of their testimony." *Nuth*, 140 F.3d at 580.

Similar principles apply under the *Strickland* prejudice prong when ineffective assistance is based on a failure to investigate. Showing prejudice in such cases "necessarily depends on proof that an adequate investigation would have uncovered mitigating facts that . . . would have created a reasonable probability of a different outcome." *Moses v. Branker*, No. 06-8, 2007 WL 3083548, at *3 (4th Cir. 2007) (unpub.).

The record in this case conclusively demonstrates that Brehm adequately investigated the exculpatory facts and presented those facts in Sadeghi's defense at the probation hearing, i.e. Brehm's performance was neither deficient nor

prejudicial. The only exculpatory evidence arguably identified in Sadeghi's motion is that the victim "refused to get out of the vehicle and was not restrained." (Petition at 5.) Brehm, however, subpoenaed Martinez and elicited that exact testimony from her during the probation hearing. Specifically, Brehm's questioning led to the following testimony indicating that Sadeghi did not restrain Martinez and that Martinez affirmatively refused to leave the vehicle: (1) Martinez admitted at least seven times during her testimony that Petitioner told her to get out of the car (Tr. at 55, 56, 59, 62, 63, 64, 65); (2) she estimated Sadeghi ordered her out of the car three-to-five times during the drive from her house to the gas station (Tr. at 56); (3) she stated three times that she elected not to get out of the car when Sadeghi ordered her out (Tr. at 55, 63, 65); (4) she admitted Sadeghi slowed or stopped the car to let her out (Tr. at 55, 56, 64, 65); (5) she once agreed that Sadeghi stopped close to her home to let her out of the car (Tr. at 55); and (6) she several times admitted that she did not ask to be let out of the car and stayed in the car because she wished to be returned home (Tr. at 63, 65). Thus, Brehm's investigation and examination at trial produced the exact exculpatory testimony that Sadeghi alleges should have been discovered through more investigation.

9

Case 1:11-cr-00070-JCC   Document 104   Filed 04/21/16   Page 10 of 11 PageID# 811

The Court heard Martinez's exculpatory testimony and weighed it with other testimony of Sadeghi's failure to completely stop the car to allow the victims to exit, his multiple refusals to drive the car back to Martinez's house, his driving the car away from the house at a high rate of speed and in a reckless manner, and Martinez's frantic reaction to these events.  The Court found from a preponderance of the evidence that Sadeghi abducted Martinez and her boyfriend, and the Fourth Circuit affirmed that decision.  *See Sadeghi*, 616 F. App'x at 610.  Because Sadeghi's petition does not identify any undiscovered exculpatory evidence and does not identify any noncumulative evidence, his claim of ineffective assistance must fail.  *See Tucker v. Ozmint*, 350 F.3d 433, 445 (4th Cir. 2003) (finding lack of prejudice from failure to investigate and present cumulative mitigating impeachment evidence).

The Court reaches the above conclusion without a hearing because the record conclusively shows that petitioner is entitled to no relief.  *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010); *see also* 28 U.S.C. § 2255(b).  Sadeghi has not identified or alluded to any exculpatory evidence that was not discovered or presented at his probation hearing.  Furthermore, Sadeghi has not requested an evidentiary hearing, has not identified any contested facts, and has not

cited or alluded to any new evidence that might be produced at a hearing. Consequently, the Court will deny Petitioner's motion without an evidentiary hearing.

### IV. Conclusion

For the reasons described above, the Court will deny Sadeghi's Motion to Vacate pursuant to 28 U.S.C. § 2255.

Sadeghi is advised that he may appeal from the final judgment entered pursuant to this Memorandum Opinion and accompanying order by filing a written notice of appeal with the Clerk of this Court within sixty (60) days from the date of entry of this judgment. For the reasons reflected above, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

An appropriate order will issue.

|  |  |
|---|---|
| | /s/ |
| April 21, 2016 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |